## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| QUALITY EDGE, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Civil Action No. 1:10-cv-278 |
| | ) | |
| v. | ) | Hon. Janet T. Neff |
| | ) | |
| ROLLEX CORPORATION, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |
| | ) | |
| | ) | |

### ROLLEX'S ANSWER TO QUALITY EDGE'S
### AMENDED COMPLAINT WITH JURY DEMAND AND COUNTERCLAIMS

Rollex Corporation ("Rollex"), hereby responds to Plaintiff's Amended Complaint with

Jury Demand ("Plaintiff's Amended Complaint") as follows:

### INTRODUCTION

### COMPLAINT ¶ 1:

This is an action for patent infringement arising under 35 U.S.C. § 271 for Rollex's
infringement of Quality Edge's United States Letters Patent No. 7,137,224 ("the '224 Patent").

### ANSWER:

Rollex admits that this action purportedly arises under 35 U.S.C. § 271.  Rollex denies

that it has infringed the '224 Patent.  Rollex lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of this Paragraph.

### COMPLAINT ¶ 2:

This is also an action for Rollex's false advertising and unfair competition under the
Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and the laws of the State of Michigan, including
common law.

**ANSWER:**

Rollex admits that this is purportedly an action under the Lanham Act, 15 U.S.C. §§ 1051

*et seq.*, and the laws of the State of Michigan, including common law.  Rollex denies that it has

engaged in any acts of false advertising and unfair competition under the Lanham Act, 15 U.S.C.

§§ 1051 *et seq.*, and the laws of the State of Michigan, including common law.

**COMPLAINT ¶ 3:**

Additionally, this is an action for unjust enrichment by reason of Rollex's false
advertising and acts of unfair competition.

**ANSWER:**

Rollex admits that this action is purportedly an action for unjust enrichment.  Rollex

denies that it has engaged in any acts of false advertising and unfair competition.

**COMPLAINT ¶ 4:**

Additionally, this is an action for Declaratory Judgment that Quality Edge's use of a
blower assembly in advertising is not actionable under the Lanham Act, 15 U.S.C. § 1125 *et seq.*,
or under any state law.

**ANSWER:**

Rollex admits that this action is purportedly an action for Declaratory Judgment.  Rollex

denies the remaining allegations of this Paragraph.

## THE PARTIES

**COMPLAINT ¶ 5:**

Quality Edge is a corporation organized and existing under the laws of the State of
Delaware with a principal office and place of business at 2712 Walkent Drive, N.W., Walker,
Michigan 49544.

**ANSWER:**

Rollex lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of this Paragraph.

2

**COMPLAINT ¶ 6:**

Upon information and belief, Rollex is a corporation organized and existing under the laws of the State of Illinois, having a place of business at 800 Chase Avenue, Elk Grove Village, Illinois 60007.

**ANSWER:**

Rollex admits the allegations of this Paragraph.

### JURISDICTION AND VENUE

**COMPLAINT ¶ 7:**

Quality Edge brings this patent infringement action pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.  Quality Edge brings this false advertising and unfair competition complaint under the Trademark Laws of the United States (Lanham Act), 15 U.S.C. §§ 1051 *et seq*.  This Court has jurisdiction over the aforesaid patent infringement, false advertising, and unfair competition infringement matters alleged in this complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (original jurisdiction under the Patent and Trademark Laws).

**ANSWER:**

Rollex admits the allegations of this Paragraph.

**COMPLAINT ¶ 8:**

This Court has jurisdiction over the Michigan claims, including the common law claims, herein under 28 U.S.C. § 1338(b), and the doctrine of pendant jurisdiction because those claims are joined with substantial and related claims under the Trademark Act, 15 U.S.C. §§ 1051 *et seq*.  This Court also has supplemental jurisdiction for those claims under 28 U.S.C. § 1367.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 9:**

Concerning Quality Edge's use of a blower assembly, there is an actual and justiciable controversy between the parties under the Lanham Act, 15 U.S.C. §§ 1125 *et seq*., and under the state laws governing unfair competition and false advertising.  The Court therefore has original jurisdiction for the declaratory judgment claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b) and 2201 and has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 10:**

This Court also has jurisdiction over all claims in this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  The matter in controversy regarding these aspects of this action exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

**ANSWER:**

Rollex admits that this action is between citizens of different states.  Rollex lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

**COMPLAINT ¶ 11:**

Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) (general venue statute), 28 U.S.C. § 1400 (venue for patent infringement claims), and because Rollex resides in this District and is subject to the personal jurisdiction of the Courts of this State.

**ANSWER:**

Rollex denies that it resides in this District.  Rollex further denies that venue is proper in this judicial district under 28 U.S.C.§ 1400.  Rollex admits the remaining allegations of this Paragraph.

**FACTUAL BACKGROUND**

**COMPLAINT ¶ 12:**

Quality Edge and Rollex are both engaged in the business of manufacturing and selling aluminum soffits and related accessories.  Rollex sells or attempts to sell its products to the same customers, including distributors, as Quality Edge.

**ANSWER:**

Rollex admits that Quality Edge and Rollex are both engaged in the business of manufacturing and selling aluminum soffits and related accessories.  Rollex lacks knowledge or

4

information sufficient to form a belief as to the truth of the remaining allegations of this

Paragraph.

## COMPLAINT ¶ 13:

In multiple markets, including, without limitation, the State of Michigan, and more specifically in this district, Rollex and Quality Edge are direct competitors of each other.

## ANSWER:

Rollex admits the allegations of this Paragraph.

## COMPLAINT ¶ 14:

On November 21, 2006, United States Letters Patent No. 7,137,224 ("the '224 Patent") was duly and legally issued naming inventors, C. Scott Rasmussen and Thomas A. McDonald, for an invention entitled "VENTED SOFFIT PANEL AND METHOD FOR BUILDINGS AND LIKE" (attached as Exhibit 1).

## ANSWER:

Rollex admits that on November 21, 2006, United States Letters Patent No. 7,137,224

("the '224 Patent") was issued naming inventors, C. Scott Rasmussen and Thomas A.

McDonald, for an invention entitled "VENTED SOFFIT PANEL AND METHOD FOR

BUILDINGS AND LIKE."  Rollex further admits that Exhibit 1 attached to Plaintiff's

Complaint purports to be a copy of the '224 Patent.  Rollex denies the remaining allegations of

this Paragraph.

## COMPLAINT ¶ 15:

Quality Edge is a leading supplier of building materials, including soffit panels, throughout the United States.

## ANSWER:

Rollex denies the allegations of this Paragraph.

## COMPLAINT ¶ 16:

Quality Edge has manufactured and sold soffit panels for many years.  Recently, Quality Edge has developed a product known as the Quality Edge TruVent® Hidden Vent Soffit.  This product is covered by one or more of the claims of the '224 Patent.

5

**ANSWER:**

Rollex admits that Quality Edge has sold soffit panels.  Rollex lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of this

Paragraph.

**COMPLAINT ¶ 17:**

Quality Edge has also developed a blower assembly for comparing its soffit panels to competitors' soffit panels.  This blower assembly consists of two chambers with equally powered fans in each chamber.  The blower assembly allows the placement of soffit panels over each chamber of the blower assembly.  Net free area (NFA) is the amount of intake venting of a vented soffit.  The NFA is important because buildings need to be properly ventilated pursuant to building codes and in order to prevent moisture buildup, mold, mildew, etc.  Proper ventilation is based upon the amount of air flowing in through the soffits and up through the attic through the ridge vents at the top of the roof.  The blower assembly allows customers to feel the difference between soffit panels based upon the NFA of the soffit panels.  The higher the NFA value, the more air will pass through the ventilation and to the outside of the chamber.

**ANSWER:**

Rollex denies that Net Free Area (NFA) is the amount of intake venting of a vented soffit

and that the NFA is important because buildings need to be properly ventilated pursuant to

building codes.  Rollex admits that proper ventilation is based, in part, upon the amount of air

flowing in through the soffits and up through the attic through the ridge vents at the top of the

roof.  Rollex lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this Paragraph.

**COMPLAINT ¶ 18:**

Rollex has objected to the use of this blower assembly with Rollex's soffit panels.  See Exhibit 6 hereto.  However, it is a fair way for customers to feel the difference between NFA values of different soffit panels, including those sold by Rollex.

6

**ANSWER:**

Rollex denies that it has objected to the use of this blower assembly with Rollex's soffit

panels.  Rollex is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of this Paragraph..

**COMPLAINT ¶ 19:**

Rollex has now introduced a product that it calls a Stealth Soffit, which infringes at least
claim 1 of the '224 Patent.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 20:**

In early 2010, Rollex sent materials throughout the building industry, which included a
snake bite kit and a false description of a comparison of Rollex to Quality Edge.  *See* Exhibit 2
hereto.

**ANSWER:**

Rollex admits that in early 2010, Rollex distributed materials which included a snake bite

kit and a comparison of Rollex's Stealth Soffit™ product with Quality Edge's product.  Rollex

also admits that Exhibit 2 attached to Plaintiff's Complaint purports to be a copy of some of

those materials.  Rollex denies the remaining allegations of this Paragraph.

**COMPLAINT ¶ 21:**

In early 2010, Rollex created product specifications and brochures for the Stealth Soffit.
See Exhibit 3 hereto.  That document purports to set forth facts concerning Rollex's infringing
Stealth Soffit panel.  The information is false and misleading.  Rollex's infringing Stealth Soffit
panel does not provide the circulation needed for proper ventilation and does not outperform
vented soffit.  In addition, Rollex has provided a specification sheet for its infringing Stealth
Soffit panel, which specification sheet is false and misleading.  *See* Exhibit 4 hereto.  A third
party measured the NFA of Rollex's infringing Stealth Soffit panel.  The third party determined
that the NFA of the Stealth Soffit panel was 5.3, while Rollex's specification sheet claims an
NFA of 8.

**ANSWER:**

Rollex admits that in early 2010, Rollex created product specifications and brochures for its Stealth Soffit™ product.  Rollex also admits that Exhibit 3 of Plaintiff's Complaint purports to be a copy of a brochure regarding Rollex's Stealth Soffit™ product.  Rollex lacks knowledge or information sufficient to form a belief as to the truth of the allegation that a third party determined that the NFA of the Stealth Soffit™ panel was 5.3.  Rollex denies the remaining allegations of this Paragraph.

**COMPLAINT ¶ 22:**

Upon information and belief, beginning on about March 2010, Rollex began showing a false and misleading video comparing Rollex's infringing Stealth Soffit product to Quality Edge's patented TruVent® Hidden Vent Soffit product.  *See* Exhibit 5 hereto.  This video and the information contained therein was widely disseminated to customers of soffits, which persons and entities were and are located in a multitude of cities and states, including, without limitation, within this district.

**ANSWER:**

Rollex admits that Rollex made available on its website a video. Rollex denies the remaining allegations of this Paragraph.

**COMPLAINT ¶ 23:**

Rollex on or about March 2010, published that video on its website.  This video purports to demonstrate the alleged superiority of the infringing Rollex Stealth Soffit panel to the patented Quality Edge TruVent® Hidden Vent Soffit panel.  However, the Quality Edge TruVent® Hidden Vent Soffit panel appears to have been manipulated by Rollex.

**ANSWER:**

Rollex admits that Rollex made available on its website a video comparing Rollex's Stealth Soffit™ product to Quality Edge's soffit product. Rollex denies the remaining allegations of this Paragraph.

8

12626391v.1

**COMPLAINT ¶ 24:**

Quality Edge hired a third party to test its patented TruVent® Hidden Vent Soffit panel. That third party determined that the Quality Edge TruVent® Hidden Vent Soffit panel cuts as easily, if not more easily, than the infringing Rollex Stealth Soffit panel.  In addition, the third party tested the strength of the Quality Edge patented TruVent® Hidden Vent Soffit panel, and the results show that the panel used in Rollex's video must have been manipulated and/or weakened.  Rollex also claims in the video that Quality Edge's patented TruVent® Hidden Vent Soffit is made with inferior material specifications and equipment.  However, the aluminum specifications for Rollex's infringing Stealth Soffit are the same as the Quality Edge TruVent® Hidden Vent Soffit, and the TruVent® Hidden Vent Soffit is made on equipment that is of the same quality or better than that used by Rollex for the infringing Stealth Soffit.

**ANSWER:**

Rollex lacks knowledge or information sufficient to form a belief as to the truth of the

allegation that Quality Edge hired a third party to test its purportedly patented TruVent® Hidden

Vent Soffit panel, and that third party determined that the Quality Edge TruVent® Hidden Vent

Soffit panel cuts as easily, if not more easily, than Rollex's Stealth Soffit™ panel.  Rollex denies

the remaining allegations of this Paragraph.

**COMPLAINT ¶ 25:**

The specification sheets, video, and other materials supplied by Rollex are literally false and misleading, and their dissemination to distributors and others continues, and will continue, to damage the sales, good will, reputation, and standing of Quality Edge in the building products industry.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

## COUNT I
### PATENT INFRINGEMENT

**COMPLAINT ¶ 26:**

Quality Edge reasserts and incorporates herein by reference paragraphs 1-25 of this Complaint.

**ANSWER:**

Rollex incorporates its answers to Paragraphs 1-25 of Plaintiff's Complaint as its response to the allegations of this Paragraph.

**COMPLAINT ¶ 27:**

Quality Edge is the owner of all right, title, and interest in and to the '224 Patent, and has the right to sue and recover for all infringements thereof, including the right to recover for past infringement.

**ANSWER:**

Rollex lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

**COMPLAINT ¶ 28:**

Rollex has, in violation of 35 U.S.C. § 271, infringed the '224 Patent at least by making, using, offering for sale, and/or selling the inventions claimed in the '224 Patent, and/or by directing, contributing to, and/or inducing others to do the same.  Such infringement has caused and will continue to cause irreparable damage to Quality Edge, which will continue unless enjoined by this Court.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 29:**

Upon information and belief, such infringement of the '224 Patent was and continues to be willful, deliberate, and in knowing disregard of Quality Edge's patent rights.  Quality Edge has given notice to Rollex of such infringement and of the '224 Patent, but Rollex's activities have not ceased.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 30:**

Quality Edge has in the past been damaged and continues to suffer irreparable injury as a result of Rollex's actions.

10

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**

**COMPLAINT ¶ 31:**

Quality Edge reasserts and incorporates herein by reference paragraphs 1-30 of this Complaint.

**ANSWER:**

Rollex incorporates its answers to Paragraphs 1-30 of Plaintiff's Complaint as its

response to the allegations of this Paragraph.

**COMPLAINT ¶ 32:**

Rollex has willfully committed unfair competition and has willfully published advertising that is false and misleading in violation of § 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). Rollex's acts, as described above, constitute a false or misleading material misrepresentation of fact concerning Quality Edge's hidden vent soffit panel, and Quality Edge itself.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 33:**

The superiority claims made by Rollex for its infringing Stealth Soffit panel are false or misleading and misrepresent the nature, characteristics, or qualities of Rollex's Stealth Soffit panel and/or Quality Edge's TruVent® Hidden Vent Soffit panel. Moreover, the claims about Quality Edge and its products and warranties are false or misleading and misrepresent the nature, characteristics, or qualities of Quality Edge and its products.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 34:**

Upon information and belief, the claims are likely to deceive or confuse a substantial segment of the buying public, and in fact have actually deceived or confused a substantial segment of the buying public. Moreover, the claims have influenced or are likely to influence the buying publics purchasing decisions. This deceptive conduct by Rollex is and has been deliberate and has injured and continues to injure customers.

11

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 35:**

Rollex's infringing Stealth Soffit panel is not superior to Quality Edge's patented TruVent® Hidden Vent Soffit panel, and Rollex knew or should have known that to be so.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 36:**

Rollex's advertising, as described above, violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 37:**

Quality Edge has been and continues to be damaged by Rollex's false advertising. Quality Edge has suffered and will continue to suffer irreparable harm unless Rollex is restrained from such conduct.  Quality Edge has no adequate remedy at law.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 38:**

Because of Rollex's acts, Quality Edge has suffered damages and Rollex has been unjustly enriched.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**

**COMPLAINT ¶ 39:**

Quality Edge reasserts and incorporates herein by reference paragraphs 1-38 of this Complaint.

**ANSWER:**

Rollex incorporates its answers to Paragraphs 1-38 of Plaintiff's Complaint as its

response to the allegations of this Paragraph.

**COMPLAINT ¶ 40:**

Rollex has willfully committed unfair competition and has willfully published advertising that is false and misleading in violation of the common law of Michigan.  Rollex's acts, as described above, constitute a false or misleading material misrepresentation of fact concerning Quality Edge and Quality Edge's TruVent® Hidden Vent Soffit panel.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 41:**

The superiority claims made by Rollex for its infringing Stealth Soffit panel are false or misleading and misrepresent the nature, characteristics, or qualities of Rollex's Stealth Soffit panel and/or Quality Edge's TruVent® Hidden Vent Soffit panel.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 42:**

Upon information and belief, the claims are likely to deceive or confuse a substantial segment of the buying public, and in fact have actually deceived or confused a substantial segment of the buying public.  Moreover, the claims have influenced or are likely to influence the buying publics purchasing decisions.  This deceptive conduct by Rollex is and has been deliberate and has injured and continues to injure customers.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 43:**

Rollex's infringing Stealth Soffit panel is not superior to Quality Edge's patented TruVent® Hidden Vent Soffit panel, and Rollex knew or should have known that to be so.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 44:**

Rollex's advertising, as described above, violates the common law of Michigan.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 45:**

Quality Edge has been and continues to be damaged by Rollex's false advertising. Quality Edge has suffered and will continue to suffer irreparable harm unless Rollex is restrained from such conduct.  Quality Edge has no adequate remedy at law.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 46:**

Because of Rollex's acts, Quality Edge has suffered damages and Rollex has been unjustly enriched.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COUNT IV**
**UNJUST ENRICHMENT**

**COMPLAINT ¶ 47:**

Quality Edge reasserts and incorporates herein by reference paragraphs 1-46 of this Complaint.

**ANSWER:**

Rollex incorporates its answers to Paragraphs 1-46 of Plaintiff's Complaint as its

response to the allegations of this Paragraph.

**COMPLAINT ¶ 48:**

Upon information and belief, as a result of Rollex's actions, as set forth above, Rollex has unlawfully received financial and other benefits at Quality Edge's expense.

14

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 49:**

Rollex has been unjustly enriched through its false advertising, and Quality Edge has suffered and will continue to suffer damages both financially and to its business relationships with its customers.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 50:**

It is unjust to allow Rollex to retain the benefit of its unlawful actions without compensating Quality Edge.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COUNT V**
**BUSINESS DEFAMATION/PRODUCT DISPARAGEMENT**

**COMPLAINT ¶ 51:**

Quality Edge reasserts and incorporates herein by reference paragraphs 1-50 of this Complaint.

**ANSWER:**

Rollex incorporates its answers to Paragraphs 1-50 of Plaintiff's Complaint as its

response to the allegations of this Paragraph.

**COMPLAINT ¶ 52:**

Rollex has made false and defamatory statements concerning Quality Edge and Quality Edge's patented TruVent® Hidden Vent Soffit panel.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 53:**

These false and defamatory statements are unprivileged publications to third parties.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 54:**

Rollex was, at least, negligent in making these false and defamatory statements, and the statements actually rise to actual malice.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 55:**

Since these business defamation claims relate to Quality Edge and Quality Edge's business reputation or practices, defamation is *per se*, not requiring proof of special damages. Nevertheless, Quality Edge has pecuniary loss directly attributed to Rollex's false statements.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

## COUNT VI
### MICHIGAN CONSUMER PROTECTION ACT

**COMPLAINT ¶ 56:**

Quality Edge reasserts and incorporates herein by reference paragraphs 1-55 of this Complaint.

**ANSWER:**

Rollex incorporates its answers to Paragraphs 1-55 of Plaintiff's Complaint as its

response to the allegations of this Paragraph.

**COMPLAINT ¶ 57:**

Rollex's false advertising violates the Michigan Consumer Protection Act, Mich.  Comp. Laws § 445.901 *et seq*., because it has caused, and continue to cause, a probability of misunderstanding and/or misleading of customers.

16

**<u>ANSWER:</u>**

Rollex denies the allegations of this Paragraph.

**<u>COMPLAINT ¶ 58:</u>**

Upon information and belief, Rollex has received substantial revenues and substantial profits as a result of its false advertising to which Rollex is not entitled, and Quality Edge has also suffered damages as a result of Rollex's false advertising, for which Rollex is responsible.

**<u>ANSWER:</u>**

Rollex denies the allegations of this Paragraph.

**<u>COMPLAINT ¶ 59:</u>**

Upon information and belief, Rollex's unlawful conduct, as set forth herein, has been, and continues to be, willful, deliberate, and in bad faith.

**<u>ANSWER:</u>**

Rollex denies the allegations of this Paragraph.

**<u>COMPLAINT ¶ 60:</u>**

Quality Edge and the general public have been, and continue to be, irreparably damaged by violation of the statute, and Quality Edge has no adequate remedy of law.

**<u>ANSWER:</u>**

Rollex denies the allegations of this Paragraph.

**<u>COMPLAINT ¶ 61:</u>**

Unless enjoined, Rollex will continue its false advertising, causing further injury to Quality Edge and misrepresentations to the public.

**<u>ANSWER:</u>**

Rollex denies the allegations of this Paragraph.

<u>COUNT VII</u>
<u>DECLARATORY JUDGMENT THAT ROLLEX CANNOT ASSERT ANY</u>
<u>FEDERAL OR STATE CLAIMS AGAINST QUALITY EDGE</u>

**COMPLAINT ¶ 62:**

Quality Edge reasserts and incorporates herein by reference paragraphs 1-61 of this Complaint.

**ANSWER:**

Rollex incorporates its answers to Paragraphs 1-61 of Plaintiff's Complaint as its

response to the allegations of this Paragraph.

**COMPLAINT ¶ 63:**

Quality Edge's use of the blower assemblies in connection with Rollex's soffit panels is not actionable as false advertising under 15 U.S.C. § 1125(a) because the blower assemblies are not: 1) a false or misleading description of facts; 2) a false or misleading representation of facts; 3) likely to cause confusion, or to cause a mistake, or to deceive as to affiliation, connection, or association of Quality Edge, or as to the origin, sponsorship, or approval of Quality Edge's goods, services, or commercial activities; or 4) misrepresentative of the nature, characteristics, or qualities of Quality Edge's and/or Rollex's goods.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 64:**

The aforementioned conduct of Quality Edge in using its blower assembly in connection with Rollex's soffit panels does not constitute unfair competition under Michigan law, including common law, and is not actionable as injurious falsehood under state law.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

**COMPLAINT ¶ 65:**

There is no evidence that such use of the blower assemblies is misleading to a substantial number of customers.

**ANSWER:**

Rollex denies the allegations of this Paragraph.

18

**COMPLAINT ¶ 66:**

      Rollex has not sustained any cognizable injury as a consequence of Quality Edge's use of the blower assemblies.

**ANSWER:**

      Rollex denies the allegations of this Paragraph.

## ANSWER TO PRAYER FOR RELIEF

      Rollex denies that Plaintiff is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Rollex alleges as follow:

      <u>FIRST DEFENSE:</u>   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

      <u>SECOND DEFENSE:</u> The '224 Patent, and each claim thereof, is invalid because it does not comply with the statutory requirements of patentability enumerated in, *inter alia*, 35 U.S.C. §§ 101,102, 103, 112, 116 and/or 132.

      <u>THIRD DEFENSE:</u> Plaintiff is estopped from asserting constructions of any claim of the '224 Patent that covers any act of Rollex, or any product made, used, sold, or offered for sale by Rollex, or imported into the United States by or for Rollex, because of amendments and arguments made to the U.S. Patent and Trademark Office during prosecution of the application that became the '224 Patent to overcome prior art and obtain allowance of the claims of the '224 Patent.

      <u>FOURTH DEFENSE:</u> Plaintiff's attempted enforcement of the '224 Patent against Rollex is barred by the doctrine of prosecution laches.

      <u>FIFTH DEFENSE:</u> Plaintiff is barred, in whole or in part, from seeking the relief sought in Plaintiff's Complaint relief because of the equitable doctrine of unclean hands.

19

SIXTH DEFENSE:  Plaintiff is barred, in whole or in part, from seeking the relief sought in Plaintiff's Complaint because of laches, waiver, acquiescence, and/or estoppel.

SEVENTH DEFENSE:  Plaintiff is barred, in whole or in part, from seeking the relief sought in Plaintiff's Complaint to the extent that it is barred pursuant to 35 U.S.C. § 286.

EIGHTH DEFENSE:  Plaintiff is barred, in whole or in part, from seeking the relief sought in Plaintiff's Complaint because Plaintiff has failed to comply with 35 U.S.C. § 287.

NINTH DEFENSE:  Plaintiff is barred from recovering costs because a disclaimer was not filed with the United States Patent and Trademark Office prior to the commencement of this lawsuit pursuant to 35 U.S.C. § 288.

TENTH DEFENSE:  Plaintiff is not entitled to any injunctive relief because it has an adequate remedy at law and it has not suffered, and will not suffer, any alleged irreparable injury.

ELEVENTH DEFENSE:  Plaintiff is barred from asserting its Lanham Act, unfair competition, and State of Michigan claims because Rollex's statements are not false, not deceptive, not misleading, opinion and/or puffery.

TWELFTH DEFENSE:  Plaintiff is barred from asserting its state law claim of unjust enrichment because it is preempted by the federal patent laws.

12626391v.1

## COUNTERCLAIMS

Defendant/Counter-Plaintiff, Rollex Corporation ("Rollex"), for its counterclaims against Plaintiff/Counter-Defendant, Quality Edge, Inc.. ("Quality Edge"), states as follows:

## THE PARTIES

1.      Rollex is a corporation organized and existing under the laws of the State of Illinois, having a place of business at 800 Chase Avenue, Elk Grove Village, Illinois 60007.

2.      Quality Edge is a corporation organized and existing under the laws of the State of Delaware with a principal office and place of business at 2712 Walkent Drive, N.W., Walker, Michigan 49544.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Rollex's counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4.      Quality Edge claims that it is the owner of all rights, title and interest in and to United States Patent No. 7,137,224 ("the '224 Patent").

5.      Through its Complaint, Quality Edge charges Rollex with infringement of the '224 Patent, and thus has submitted itself to the jurisdiction of this Court, has created an actual controversy between the parties, and has asserted that venue is proper in this Court.

6.      Venue is proper in this Court regarding Quality Edge under 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to Rollex's counterclaims occurred within this judicial district.

## COUNT I
## DECLARATION OF NONINFRINGEMENT OF THE '224 PATENT

7.      Rollex restates and realleges paragraphs 1-6 of this Counterclaim.

21

12626391v.1

8.      Rollex has not infringed, either literally or under the doctrine of equivalents, nor contributed to the infringement by others, nor induced others to infringe, any claim of the '224 Patent.

9.      Quality Edge's actions and allegations have caused, and continue to cause, damages to Rollex, in an amount to be determined at trial.

10.     Quality Edge's allegations of infringement of the '224 Patent have caused, and continue to cause, irreparable injury to Rollex, and unless and until Quality Edge is enjoined by this Court, Rollex will continue to suffer irreparable injury because of Quality Edge's meritless allegations.  Rollex has no adequate remedy at law.

### COUNT II
### <u>DECLARATION OF INVALIDITY OF THE '224 PATENT</u>

11.     Rollex restates and realleges paragraphs 1-6 of this Counterclaim.

12.     The '224 Patent, and each claim thereof, is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

13.     Quality Edge's actions and allegations have caused, and continue to cause, damages to Rollex, in an amount to be determined at trial.

14.     Quality Edge's allegations of infringement of the '224 Patent have caused, and continue to cause, irreparable injury to Rollex, and unless and until Quality Edge is enjoined by this Court, Rollex will continue to suffer irreparable injury because of Quality Edge's meritless allegations.  Rollex has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff, Rollex Corporation, respectfully requests that the Court enter judgment against Counter-Defendant, Quality Edge, Inc., and grant the following relief:

a.    dismissal of Count I in Quality Edge's Complaint in its entirety, with prejudice, and a denial of the relief sought in its claims;

b.    a declaration that Rollex has not infringed, contributorily infringed, or induced the infringement of any claim of the '224 Patent;

c.    a declaration that the '224 Patent, and each claim thereof, is invalid;

d.    an award to Rollex for its reasonable attorney's fees and costs, pursuant to 35 U.S.C. § 285;

e.    such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Rollex demands a trial by jury of all issues triable of right by a jury.

12626391v.1

**DATED:  August 24, 2010**

Attorneys for Rollex Corporation:
Michael R. Levinson
Joseph R. Lanser
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603-5577
Telephone:  (312) 460-5000
Email: jlanser@seyfarth.com

Janet L. Ramsey
Kevin M. Kileen
WARNER NORCROSS & JUDD
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, Michigan 49503-2487
Telephone: (616) 752-2000
Facsimile:  (616) 752-2500

Respectfully submitted,


ROLLEX CORPORATION


By:    s/ Joseph R. Lanser
            One of Its Attorneys

24

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused the foregoing *Answer to First Amended Complaint* to be filed electronically with the Clerk of the Court for the Western District of Michigan using the Court's Electronic Case Filing System, which will send notification to the registered participants of the ECF System as listed in the Court's Notice of Electronic Filing, on August 24, 2010.


    s/ Joseph R. Lanser

Joseph R. Lanser
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603-5577
Telephone:  (312) 460-5000
Email: jlanser@seyfarth.com

12626391v.1