IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| QUALITY EDGE, INC. | : | |
| | : | Civil Action No. 1:10-cv-278 |
| Plaintiff/Counter-Defendant, | : | |
| | : | Hon. Janet T. Neff |
| v. | : | U.S. District Judge |
| | : | |
| ROLLEX CORPORATION | : | |
| | : | |
| Defendant/Counter-Plaintiff. | : | |
| | : | |

**QUALITY EDGE, INC.'S RESPONSE**

**CONCERNING THE APPLICABILITY OF *IQBAL* AND *TWOMBLY***

Matthew J. Gipson (P60169 )
mgipson@priceheneveld.com
PRICE HENEVELD LLP
695 Kenmoor S.E. | P.O. Box 2567
Grand Rapids MI 49501
616.949.9610
*Attorneys for Quality Edge, Inc.*

TABLE OF CONTENTS

I. APPLICABLE CIRCUIT LAW ................................................................................................1

II. *IQBAL* AND *TWOMBLY* APPLY TO ROLLEX'S INVALIDITY COUNTERCLAIM ............................1

III. PLEADING STANDARD FOR ROLLEX'S AFFIRMATIVE DEFENSES ............................................3

    A. *IQBAL* AND *TWOMBLY* SHOULD APPLY TO ROLLEX'S AFFIRMATIVE DEFENSES .............................4

    B. THE AFFIRMATIVE DEFENSES ALSO FAIL UNDER THE FAIR NOTICE STANDARD ............................5

IV. ROLLEX SHOULD NOT BE PERMITTED TO AMEND ................................................................6

<u>TABLE OF AUTHORITIES</u>

**Cases**

*Armstrong Pump Inc. v. Hartman*,
  2012 WL 1029645, *2 (W.D.N.Y. Mar. 26, 2012) .................................................................. 2

*Bridgeport Music, Inc. v. Dimension Films*,
  410 F.3d 792 (6th Cir. 2005) ................................................................................................. 6

*Carson v. U.S. Office of Special Counsel*,
  633 F.3d 487 (6th Cir.2011) ................................................................................................. 6

*Cleversafe, Inc. v. Amplidata, Inc.*,
  2011 WL 6379300, *1 (N.D. Ill. Dec. 20, 2011) ................................................................. 2, 3

*Federated Dep't Stores, Inc. v. Moitie*,
  452 U.S. 394 (1981) .............................................................................................................. 6

*Fleming v. Escort, Inc.*,
  2013 WL 870632, *3 (D. Idaho Mar. 6, 2013) ..................................................................... 5

*GE Lighting Solutions, LLC v. Lights of America, Inc.*,
  2013 WL 1874855, *2 (N.D. Ohio May 3, 2013) ........................................................ 1, 2, 3, 4, 8

*Gradient Enter., Inc. v. Skype Tech. S.A.*,
  2013 WL 1208565, *4 (W.D.N.Y. Mar. 25, 2013) ............................................................. 2, 3

*Green v. Metrish*,
  2006 WL 2506191, *1 (W.D. Mich. Aug. 29, 2006) ............................................................. 7

*Groupon, Inc. v. MobGob, LLC*,
  2011 WL 2111986, *1 (N.D. Ill. May 25, 2011) ................................................................. 2, 5

*Guzowski v. Hartman*,
  849 F.2d 252 (6th Cir. 1988) ................................................................................................ 6

*HCRI TRS Acquirer v. Iwer*,
  708 F. Supp. 2d 687 (N.D. Ohio 2010) ................................................................................ 4

*Herrera v. Churchhill McGee, Inc.*,
  680 F.3d 539 (6th Cir. 2012) ................................................................................................ 3

*Iconfind, Inc. v. Google, Inc.*,
  2011 WL 4505779, *1 (E.D. Cal. Aug. 2, 2011) ................................................................. 2, 5

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) ............................................................................................. 1

*Leary v. Daeschner*,
  349 F.3d 888 (6th Cir.2003) ................................................................................................. 7

*Massenberg v. A & R Servs., Inc.*,
  2011 WL 2909364, at *1 (N.D. Ill. July 18, 2011) ................................................................ 5

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ............................................................................................. 1

*Microsoft Corp. v. Lutian*,
    2011 WL 4496531, *2 (N.D. Ohio Sept. 27, 2011) ....................................................... 4

*Moody v. Aqua Leisure Inter.*,
    2011 WL 2604840, *2 (S.D. Tex. June 30, 2011) .................................................... 2, 4

*Oleksy v. General Elec. Co.*,
    2013 WL 3233259, *17 (N.D. Ill. June 26, 2013) ......................................................... 5

*PageMelding, Inc. v. ESPN, INC.*,
    2012 WL 3877686, *3 (N.D. Cal. Sept. 6, 2012) ................................................. 2, 4, 5

*Phelps v. McClellan,*
    30 F.3d 658 (6th Cir. 1994) ............................................................................................ 7

*PPS Datal, LLC v. Availity, LLC*,
    2012 WL 252830, *1 (M.D. Fla. Jan. 26, 2012) ........................................................... 2

*Proctor & Gamble Co. v. Team Tech., Inc.*,
    2012 WL 6001753, *1 (S.D. Ohio Nov. 30, 2012) ....................................................... 6

*R&L Carriers, Inc. v. DriverTech LLC*,
    681 F.3d 1323 (Fed. Cir. 2012) ...................................................................................... 1

*Randles v. Gregart*,
    965 F.2d 90 (6th Cir. 1992) ............................................................................................ 6

*Riemer v. Chase Bank USA, N.A.*,
    274 F.R.D. 637 (N.D. Ill.2011) ...................................................................................... 5

*Riverview Health Inst. LLC v. Med. Mut. of Ohio,*
    601 F.3d 505 (6th Cir. 2010) .......................................................................................... 8

*Safeco Ins. Co. of America v. O'Hara Corp.*,
    2008 WL 2558015, *1 (E.D. Mich. June 25, 2008) ..................................................... 4

*Scheib v. Boderk,*
    2011 WL 208341, *3 (E.D. Tenn. Jan.21, 2011) .......................................................... 7

*Senju Pharma. Co. Ltd. v. Apotex, Inc.*,
    2013 WL 444928, *2 (D. Del. Feb. 6, 2013) ............................................................ 2, 3

*Shinew v. Wszola*,
    2009 WL 1076279, *3 (E.D. Mich. Apr. 21, 2009) ..................................................... 4

*Sliding Door Co. v. KLS Doors, LLC*,
    2013 WL 2090298, *4 (C.D. Cal. May 1, 2013) ..................................................... 2, 5

*U.S. v. Midwest Suspension & Brake,*
    49 F.3d 1197 (6th Cir. 1995) .......................................................................................... 7

*United States v. Quadrini*,
    2007 WL 4303213, *4 (E.D. Mich. Dec. 6, 2007) ....................................................... 4

*Wisconsin Tech. Venture Group, LLC v. Fatwallet, Inc.*,
    2012 WL 7861248, *1 (W.D. Wis. Aug. 29, 2012) ..................................................... 2

*Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*,
    609 F.3d 1308 (Fed. Cir. 2010) ................................................................................. 2, 6

**Other Authorities**

Leslie Paul Machado et al., *Do Twombly and Iqbal Apply to Affirmative Defenses*,
 59 F<span>ED</span>. L<span>AW</span>. 56 (2012) ................................................................................................................ 4

Melanie A. Goff & Richard A. Bales, *A 'Plausible' Defense: Applying Twombly and Iqbal to Affirmative Defenses*,
 34 A<span>M</span>. J. T<span>RIAL</span> A<span>DVOC</span>. 603 (2011) ............................................................................................. 4

Plaintiff Quality Edge, Inc. ("Quality Edge") hereby responds to the Court's September 9, 2013, Order (DKT. 93) concerning the applicability of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") to Rollex's invalidity counterclaim and its affirmative defenses.

## I.  APPLICABLE CIRCUIT LAW

The applicable law is Sixth Circuit law since the dismissal of a claim for failure to state a claim upon which relief can be granted is purely a procedural issue. *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1282 (Fed. Cir. 2013); *R&L Carriers, Inc. v. DriverTech LLC*, 681 F.3d 1323, 1331 (Fed. Cir. 2012); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law. Thus, on review [the Federal Circuit] appl[ies] the law of the regional circuit.").

## II.  *IQBAL* AND *TWOMBLY* APPLY TO ROLLEX'S INVALIDITY COUNTERCLAIM

The vast majority of courts have applied *Iqbal* and *Twombly* to invalidity counterclaims in patent cases. Those courts dismiss invalidity counterclaims, such as Rollex's, that merely recite the sections of the patent statute. For example, within the Sixth Circuit, the court in *GE Lighting Solutions, LLC v. Lights of America, Inc.*, 2013 WL 1874855, *2 (N.D. Ohio May 3, 2013) (Ex. 23) dismissed an invalidity counterclaim that merely recited sections of the patent statute as "unacceptable under the current pleading standard." *Id.* The court noted that it was "no alone in reaching this conclusion." *Id*. at *2 (citations omitted). That court also noted that "[t]he pleading standard requires a party to provide factual support in its pleading *before* commencing

1

discovery, not afterward." *Id*. (emphasis in original); see also this Court's Sept. 9, 2013, Conf. Tr., DKT. 94 (Sept. 9, 2013, Tr.), pp. 3-4.

Similarly, courts outside of the Sixth Circuit have applied *Iqbal* and *Twombly* to dismiss such invalidity counterclaims. See, e.g. *PageMelding, Inc. v. ESPN, INC.,* 2012 WL 3877686, *3 (N.D. Cal. Sept. 6, 2012) (attached as Ex. 3)*; Cleversafe, Inc. v. Amplidata, Inc.*, 2011 WL 6379300, *1-2 (N.D. Ill. Dec. 20, 2011) (Ex. 4); *Armstrong Pump Inc. v. Hartman*, 2012 WL 1029645, *2 (W.D.N.Y. Mar. 26, 2012) (Ex. 5); *Moody v. Aqua Leisure Inter.*, 2011 WL 2604840, *2-*3 (S.D. Tex. June 30, 2011) (Ex. 6); *Gradient Enter., Inc. v. Skype Tech. S.A.,* 2013 WL 1208565, *4 (W.D.N.Y. Mar. 25, 2013) (Ex. 7); *Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298, *4 (C.D. Cal. May 1, 2013) (Ex. 8); *Senju Pharma. Co. Ltd. v. Apotex, Inc.*, 2013 WL 444928, *2-4 (D. Del. Feb. 6, 2013) (Ex. 9); *Groupon, Inc. v. MobGob, LLC*, 2011 WL 2111986, *1-5 (N.D. Ill. May 25, 2011) (Ex. 10); *Wisconsin Tech. Venture Group, LLC v. Fatwallet, Inc*., 2012 WL 7861248, *1 (W.D. Wis. Aug. 29, 2012) (Ex. 11); *PPS Datal, LLC v. Availity, LLC*, 2012 WL 252830, *1-3 (M.D. Fla. Jan. 26, 2012) (Ex. 12); and *Iconfind, Inc. v. Google, Inc*., 2011 WL 4505779, *1-2 (E.D. Cal. Aug. 2, 2011) (Ex. 13).

In *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010), the Federal Circuit affirmed a denial of leave to amend to assert invalidity defenses. The Federal Circuit noted that an allegation reciting that "on information and belief, that claims of the patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112" provides "little notice" to the patentee of the invalidity defenses being asserted.

2

"[M]any of the courts that have declined to apply *Twombly* and *Iqbal* to invalidity counterclaims have reasoned that doing so would . . . render the court's local patent rules[1] on the pleadings standard for invalidity counterclaims superfluous . . . ." *Gradient Enter., Inc.*, 2013 WL 1208565 at *5. However, the Western District of Michigan, like the Western District of New York as noted in *Gradient Enter.*, has no such local rules.[2] *Id*. Simply put, Quality Edge provided detailed infringement contentions at the beginning of this case. Rollex should have been able to provide a similarly detailed invalidity counterclaim and affirmative defenses at that time.

### III.  PLEADING STANDARD FOR ROLLEX'S AFFIRMATIVE DEFENSES

Rollex has asserted twelve affirmative defenses. See DKT. 18. All twelve affirmative defenses lack the factual allegations to establish a right to relief. Instead the affirmative defenses are, at best, legal conclusions. The Sixth Circuit has not yet decided whether *Iqbal* and *Twombly* apply to affirmative defenses. *Herrera v. Churchhill McGee, Inc.*, 680 F.3d 539, 547 n.6 (6th Cir. 2012) ("We therefore have no occasion to address, and express no view regarding, the impact of *. . . Twombly . . .* and *Iqbal . . .* on affirmative defenses."). However, this Court should

---

[1] See also *Senju Pharma.,* 2013 WL 444928 at *2-*4: "Generally, the courts that have declined to apply the rigors of *Twombly* and *Iqbal* to invalidity counterclaims have reasoned that doing so would: (1) render the courts' local patent rules on the pleading standard for invalidity counterclaims superfluous; and (2) be inequitable to defendants in that it would impose on them a higher pleading burden than the Form 18 pleading burden on patent plaintiffs. The court, however, finds the above reasoning unpersuasive. In the first instance, the District of Delaware has not adopted any local patent rules regarding the pleading standard for invalidity counterclaims or requiring that factual contentions be served promptly after a counterclaim of invalidity is advanced. Moreover, Form 18 still requires that some factual underpinning be presented, a factual underpinning absent from Apotex's pleading. Most significantly, the fact that Form 18 (rather than *Twombly* and *Iqbal*) remains the standard for pleading infringement claims is an insufficient justification for deviating from *Twombly* and *Iqbal* for pleading other causes of action." (internal citations omitted)

[2] Some courts have found that the local patent rules don't trump the pleading requirements of *Iqbal* and *Twombly*. See e.g. *GE Lighting Solutions*, 2013 WL 1874855 at *2; *Cleversafe, Inc.* 2011 WL 6379300, at *2, n.2.

3

apply *Iqbal*/*Twombly* to dismiss Rollex's affirmative defenses. Nevertheless, should the Court not apply *Iqbal*/*Twombly*, Rollex's affirmative defenses also fail under the fair notice pleading standard.

    **A.**    ***IQBAL* AND *TWOMBLY* SHOULD APPLY TO ROLLEX'S AFFIRMATIVE DEFENSES**

While some district courts within the Sixth Circuit have applied *Iqbal* and *Twombly* to affirmative defenses, some have not. For example, the courts in *HCRI TRS Acquirer v. Iwer*, 708 F. Supp. 2d 687, 689 (N.D. Ohio 2010); *United States v. Quadrini*, 2007 WL 4303213, *4 (E.D. Mich. Dec. 6, 2007) (Ex. 14); *Safeco Ins. Co. of America v. O'Hara Corp.*, 2008 WL 2558015, *1 (E.D. Mich. June 25, 2008) (Ex. 15); *Shinew v. Wszola*, 2009 WL 1076279, *3-5 (E.D. Mich. Apr. 21, 2009) (Ex. 16); and *Microsoft Corp. v. Lutian*, 2011 WL 4496531, at *2 (N.D. Ohio Sept. 27, 2011) (Ex. 17) have applied *Iqbal* and *Twombly* to affirmative defenses. The court in *GE Lighting Solutions, LLC*, 2013 WL 1874855 at *4 is an example of one that did not.

Across the nation, a "majority of the courts have found that the standard created by Twombly and Iqbal applies to affirmative defenses." See Melanie A. Goff & Richard A. Bales, *A 'Plausible' Defense: Applying Twombly and Iqbal to Affirmative Defenses*, 34 AM. J. TRIAL ADVOC. 603, 623 (2011) (Ex. 1).[3] Indeed, numerous district courts across the country have applied *Iqbal* and *Twombly* to strike/dismiss barebones affirmative defenses in patent cases. See, e.g., *PageMelding,* 2012 WL 3877686 *1, 3 (citing the "widespread agreement" within the Northern District of California that *Iqbal* and *Twombly* apply to affirmative defenses); *Moody* 2011 WL 2604840 at *3 (ruling that *Twombly* applies to both declaratory judgment counterclaims and

---

[3] See also Leslie Paul Machado et al., *Do Twombly and Iqbal Apply to Affirmative Defenses*, 59 FED. LAW. 56, 57 (2012) (Ex. 2) (the majority view of the district courts in the Fourth Circuit is that *Iqbal*/*Twombly* apply to affirmative defenses).

4

affirmative defenses and dismissing or striking accused infringer's invalidity declaratory judgment counterclaim and affirmative defenses for failing to plead any facts to support the defenses); *Sliding Door*, 2013 WL 2090298 at * 4; *Groupon, Inc.*, 2011 WL 2111986 at *4; and *Iconfind, Inc.*, 2011 WL 4595779 at *1-2. "Affirmative defenses are governed by the same pleading standards as claims. Notice requires more than legal conclusions; factual allegations must establish a right to relief that is 'beyond the speculative level.'" *PageMelding,* 2012 WL 3877686 at * 5 (internal citation omitted).

Some courts agree that while *Iqbal* and *Twombly* apply to affirmative defenses, local patent rules may permit additional time to detail the defenses. See, e.g., *Oleksy v. General Elec. Co.*, 2013 WL 3233259, *17-18 (N.D. Ill. June 26, 2013) (Ex. 18).[4] However, that line of reasoning is inapplicable here as the Western District of Michigan does not have local patent rules.

### B. THE AFFIRMATIVE DEFENSES ALSO FAIL UNDER THE FAIR NOTICE STANDARD

While Quality Edge contends that *Iqbal* and *Twombly* should be applied to Rollex's affirmative defenses, the affirmative defenses nevertheless fail under the "fair notice" standard should the Court chose not to apply *Iqbal* and *Twombly*. In *Fleming v. Escort, Inc.*, 2013 WL 870632, *3 (D. Idaho Mar. 6, 2013) (Ex. 19), the district court noted that while there was "widespread agreement" among the judges in the Northern District of California (from where the District of Idaho obtained its Local Patent Rules) that *Iqbal* and *Twombly* apply to affirmative defenses, the court did not need to decide that issue. Instead, the court ruled that the accused infringer's affirmative defenses did not even eet the lesser fair notice standard. The court noted

---

[4] The court also noted that "the majority of courts, hold[] that affirmative defenses must comply with the pleading requirements set forth in *Twombly*." *Id.* at 17 citing *Massenberg v. A & R Servs., Inc.,* 2011 WL 2909364, at *1 (N.D. Ill. July 18, 2011); *Riemer v. Chase Bank USA, N.A.,* 274 F.R.D. 637, 639 (N.D. Ill.2011) (collecting cases).

5

that the affirmative defenses "contain[ed] no detail," leaving the patent owner "to guess about the basis for the defenses." *Id*. at *4. The court ruled that the patent owner was "entitled to an explanation of [the affirmative defenses] that includes specific allegations." Similarly, in *Proctor & Gamble Co. v. Team Tech., Inc.*, 2012 WL 6001753, *1-2 (S.D. Ohio Nov. 30, 2012) (Ex. 20), the court granted a motion to strike a § 101 invalidity affirmative defense because the accused infringer failed to plead any facts to support the defense. The Court held that "[c]onclusory allegations that simply invoke a statutory provision are insufficient to state an affirmative defense under Section 101." *Id*. at *2. "[R]eference to statutory provisions . . . is insufficient notice of the basis for the relief the pleader seeks." *Id*. (citation omitted). Rollex's boilerplate defenses provide "little notice," *Wordtech Sys., Inc.*, 609 F.3d at 1322, let alone fair notice.

## IV.  ROLLEX SHOULD NOT BE PERMITTED TO AMEND

"[L]eave to amend[5] 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel,* 633 F.3d 487, 495 (6th Cir.2011) (quotations omitted). Ordinarily, delay alone will not justify the denial of leave to amend the complaint. *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005) (citation omitted). Delay, however, will become "undue" at some point, "placing an unwarranted burden on the court," or "'prejudicial,' placing an unfair burden on the opposing party." *Id.* (quotation omitted). "[A] party must act with diligence if it intends to take advantage of [Rule 15's]

---

[5] Rollex's comment about venue in the Joint Status Report (Dkt. 89, p. 2) is an attempt to pre-serve jurisdiction for its invalidity counterclaim in the Northern District of Illinois should this Court dismiss that claim without prejudice. However, a Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim operates as a decision on the merits for res judicata purposes. See *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988)).

liberality." *U.S. v. Midwest Suspension & Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995). "The longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan,* 30 F.3d 658, 662 (6th Cir. 1994). The Sixth Circuit has also found undue prejudice where the new discovery required by the nonmoving party is the result of the moving party "attempting to change their legal theory by recasting" claims in new causes of action. *Leary v. Daeschner,* 349 F.3d 888, 908-909 (6th Cir. 2003). To take advantage of the liberal standard under Rule 15(a) of freely allowing amendments to complaints, [a party] is required to act with due diligence. *Green v. Metrish*, 2006 WL 2506191, *1 (W.D. Mich. Aug. 29, 2006) (citations omitted) (Ex. 21).

Here, any amendment by Rollex would be: brought in bad faith; for dilatory purpose; and would result in undue delay; and would prejudice to Quality Edge. Rollex's Stealth Soffit has been shown to infringe thirty (30) of the claims of the '224 Patent. Quality Edge is entitled to an injunction to prevent further infringement of the '224 Patent. Rollex has done everything in can to stall resolution of this case and to stall the proper issuance of an injunction against further infringement and damages for past infringement. See, e.g., the Sept. 9, 2013, Tr., p. 4. After more than 3.5 years[6] (and more than a year after dispositive motions were filed), Rollex should not be permitted to recast its case and further stall resolution of this case.

Perhaps more importantly, any amendment by Rollex would be futile. A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to

---

[6] *Scheib v. Boderk,* 2011 WL 208341, *3 (E.D. Tenn. Jan. 21, 2011) ("By any measure, three and a half years, without justification, amounts to undue delay.") (Ex. 22). The Sixth Circuit has also found undue prejudice where the new discovery required by the nonmoving party is the result of the moving party "attempting to change their legal theory by recasting" claims in new causes of action, or "overhaul [the] theory of the case." *Id*. (citations omitted).

7

dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). Rollex has admitted several times that it does not have the facts to support its invalidity counterclaim and its affirmative defenses without discovery. See, e.g., Dкт. 57-1, ¶¶ 6, 14 (Declaration of Rollex's counsel admitting that no facts exist for Rollex's invalidity counterclaim); Sept. 9, 2013, Trans., pp. 9, 11 ("[I]t is impossible for us without discovery from the outside of the case to plead the kind of facts that counsel is suggesting you have to plead in an invalidity counterclaim"). However, Rollex has the cart before the horse. Rollex must have provided factual support in its pleading **before** commencing discovery, not afterward. *GE Lighting Solutions,* 2013 WL 1874855, *2.

After three and a half years, Rollex's proposed invalidity claim consists of three futile non-indefiniteness "grounds." Rollex argues that it has two potentially relevant pieces of prior art, the Alside Charter Oak publication and the CertainTeed/Sigmund reference. See Sept. 9, 2013, Tr., Dкт. 94, pp. 9-10. However, as previously pointed out by Quality Edge, the CertainTeed/Sigmund reference is not prior art (See Dкт. 75, pp. 9-10, n.4; Dкт. 75-3 (Ex. 8); Dкт. 82, p. 2) and the disclosure of the Charter Oak "publication" **explicitly and unequivocally** lacks (and is contrary to) many of the elements of the claims of the '224 Patent. See Dкт. 82, pp. 2-10; Dкт. 82-1. On their face, these two proposed grounds of invalidity are plainly futile.

Perhaps knowing that its invalidity defenses under § 102 (anticipation) and § 103 (obviousness) are baseless, Rollex has propounded a third futile theory that the '224 patent is invalid under § 116 because of alleged improper inventorship. See Dкт. 57-1, ¶ 9e; Sept. 9, 2013, Tr., Dкт. 94, pp. 8-10. Rollex incorrectly speculates that Mr. Rasmussen worked at CertainTeed and therefore had an obligation to assign the invention claimed in the '224 Patent to

8

CertainTeed. However, Mr. Rasmussen **never** worked at CertainTeed or any related company, something that Rollex would have known had they taken his deposition back in 2010 when the Court allowed limited discovery. See DKT. 16. Quality Edge previously pointed out that Rollex's speculation about Mr. Rasmussen's prior employment was incorrect. See Quality Edge's October 13, 2012, Brief (DKT. 63) p. 8, n.5. However, just to make it clear again, Mr. Rasmussen's Declaration attesting that he never worked for CertainTeed is attached hereto as Exhibit 24. Rollex's attempt to assert this baseless theory, shows exactly why there is no reason to permit Rollex to continue with the unfounded invalidity counterclaim and affirmative defenses. Permitting Rollex to engage in discovery for its deficiently-plead claim/defenses would be nothing more than a speculative fishing expedition that further delays this case.

    Respectfully submitted,

Dated: September 23, 2013      s/Matthew J. Gipson
Matthew J. Gipson (P60169 )
mgipson@priceheneveld.com
PRICE HENEVELD LLP
695 Kenmoor S.E. | P.O. Box 2567
Grand Rapids MI 49501 | 616.949.9610
*Attorneys for Quality Edge, Inc.*