UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


QUALITY EDGE, INC.,

       Plaintiff,                              Hon. Janet T. Neff

v.                                                          Case No. 1:10-CV-278

ROLLEX CORP.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on an Order from the Honorable Janet T. Neff directing the undersigned to determine "whether the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), apply to Rollex's counterclaims and affirmative defenses in this case."  (Dkt. #97).

       This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) which provides that a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion. . .to dismiss for failure to state a claim upon which relief can be granted. . . ."  28 U.S.C. § 636(b)(1)(A). Given that the resolution to the question presented may well be employed in the context of a subsequent dispositive motion, the undersigned believes it more appropriate to accomplish the present task by way of Report and Recommendation, as contemplated by 28 U.S.C. § 636(b)(1)(B), thus affording the parties an opportunity to object thereto.

**I.        ANALYSIS**

Quality Edge initiated this action in 2010, alleging various causes of action including patent infringement. In response, Rollex asserted various counterclaims and affirmative defenses. The undersigned has been ordered to determine "whether the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), apply to Rollex's counterclaims and affirmative defenses in this case."

A.        Counterclaims

Before assessing the pleading standard applicable to counterclaims, the Court must first, because this is a patent case, determine whether such is governed by Sixth Circuit or Federal Circuit authority. On this question, the Federal Circuit has held that a motion to dismiss for failure to state a claim "is a purely procedural question not pertaining to patent law" and, therefore, is governed by the law of the relevant circuit. *K-Tech Telecommunications, Inc. v. Time Warner Cable. Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013) (citations omitted). As the parties recognize, the Sixth Circuit has not specifically stated whether *Iqbal* and *Twombly* apply to motions to dismiss patent counterclaims. The Sixth Circuit has indicated that *Iqbal* and *Twombly* apply to non-patent counterclaims. *See, e.g., Static Control Components, Inc. v. Lexmark International, Inc.*, 697 F.3d 387, 401 (6th Cir. 2012). The rationale for such a conclusion is straightforward and persuasive and, moreover, would seem to apply with equal force to patent counterclaims.

*Iqbal* and *Twombly* both concerned the standard applicable to affirmative claims for relief under Federal Rule of Civil Procedure 8(a). *See Iqbal*, 556 U.S. at 677-79; *Twombly*, 550 U.S. at 554-55. A counterclaim is certainly an affirmative claim for relief to which Rule 8(a), and by

extension *Iqbal* and *Twombly*, applies. *See*, *e.g.*, *ExxonMobile Oil Corp. v. Gasprom, Inc.*, 462 Fed. Appx. 737, 738 (9th Cir., Dec. 21, 2011); *Whitfield v. Nelson*, 2014 WL 1243805 at *2 (N.D. Tex., Mar. 26, 2014) ("the *Twombly* and *Iqbal* plausibility standard applies to pleading any 'claim for relief' under Rule 8(a)'s requirements - whether as a plaintiff's claim or a defendant's counterclaim"). Moreover, as the *Iqbal* court made clear, its holding applies to "all civil actions" asserted in federal court. *Iqbal*, 556 U.S. at 684. This authority would appear to compel the conclusion that *Iqbal* and *Twombly* are the standard by which Rollex's counterclaims are to be judged. There exists, however, other authority, addressed by neither party, which impacts the present analysis.

Federal Rule of Civil Procedure 84 provides that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. The Advisory Committee Notes further provide that "the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn." *Id.* As the Supreme Court has indicated, changes to the Federal Rules of Civil Procedure "can only be accomplished by the process of amending the Federal Rules, and not by judicial interpretation." *Twombly*, 550 U.S. at 569 n.14 (citations omitted). Thus, as the Federal Circuit has concluded, "[t]he language of Rule 84 and the Advisory Committee Notes make clear that a pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (quoting 12 Wright, Miller & Marcus, *Federal Practice and Procedure* § 3162). Accordingly, to the extent that "*Twombly* and its progeny conflict with the Forms and create different pleading requirements, the Forms control." *In re Bill of Lading*, 681 F.3d at 1334.

Form 18 of the Appendix concerns the requirements for a "Complaint for Patent Infringement." To comply with Form 18 a complaint need only contain the following: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *See Superior Industries, LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012). The lesser burden imposed by Form 18, however, applies only to certain types of claims or counterclaims, specifically "allegations concerning direct infringement" only. *See, e.g., Gradient Enterprises, Inc. v. Skype Technologies S.A.*, 932 F.Supp.2d 447, 449 (W.D.N.Y. 2013); *Pagemelding, Inc. v. ESPN, Inc.*, 2012 WL 3877686 at *2-3 (N.D. Cal., Sept. 6, 2012). The standard articulated by Form 18 does not apply to claims concerning indirect infringement or invalidity claims as such are instead governed by the *Iqbal/Twombly* standard. *See, e.g., Gradient Enterprises*, 932 F.Supp.2d at 449; *Pagemelding*, 2012 WL 3877686 at *2-3.

While other courts have concluded otherwise with respect to this issue, the Court finds the aforementioned authority and analysis well-reasoned and persuasive. In conclusion, therefore, the undersigned recommends that the *Iqbal* and *Twombly* pleading standards apply to Rollex's counterclaims, except as to any counterclaims alleging direct infringement which are to be evaluated with respect to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure.

B.  Affirmative Defenses

With respect to whether the *Iqbal* and *Twombly* pleading standards apply to Rollex's affirmative defenses, as the parties recognize, the Sixth Circuit has not yet addressed this particular

issue. *See Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 n.6 (6th Cir. 2012) (we "have no occasion to address, and express no view regarding, the impact of. . .*Twombly*. . .and. . .*Iqbal*. . .on affirmative defenses").

As discussed above, *Iqbal* and *Twombly* concerned the standard applicable to affirmative claims for relief under Federal Rule of Civil Procedure 8(a). Thus, while both cases involved "initial" claims for relief, the application of *Iqbal* and *Twombly* to counterclaims was inherent therein. With respect to affirmative defenses, however, the circumstance is a bit different. Affirmative defenses are governed by Rule 8(b) and 8(c) neither of which was at issue or discussed in *Iqbal* or *Twombly*. Thus, the question with respect to affirmative defenses is not whether *Iqbal* and *Twombly* directly or inherently apply to such, but instead whether *Iqbal* and *Twombly* should be extended to such circumstances.

The Sixth Circuit, as the parties acknowledge, has not extended the holdings in *Iqbal* and *Twombly* to affirmative defenses. Instead, the Sixth Circuit has indicated that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient. . .as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 Fed. Appx. 442, 456 (6th Cir., May 16, 2006) (quoting Wright & Miller, *Federal Practice and Procedure* § 1274). In the absence of Sixth Circuit authority extending *Iqbal* and *Twombly* to affirmative defenses, the Court considers itself bound by the current standard articulated by the Sixth Circuit. *See, e.g., Holley Performance Products, Inc. v. Quick Fuel Technology, Inc.*, 2011 WL 3159177 at *2 (W.D. Ky., July 26, 2011) (noting that the Sixth Circuit, subsequent to the decisions in *Iqbal* and *Twombly*, continued to adhere to the "fair notice" standard under Rule 8(b)(1), the court "decline[d] to adopt the heightened pleading standard of *Twombly* and *Iqbal* for the pleading of defenses"). Again, the

Court recognizes that many courts have concluded otherwise on this issue. Nevertheless, the Court finds the rationale articulated by the *Holley* court, and similar decisions, persuasive. Accordingly, the undersigned recommends that Rollex's affirmative defenses are not governed by the *Iqbal* and *Twombly* standard, but are instead governed by the Sixth Circuit's "fair notice" standard.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that the *Iqbal* and *Twombly* pleading standards apply to Rollex's counterclaims, except as to any counterclaims alleging direct infringement which are to be evaluated with respect to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure. The undersigned further recommends that Rollex's affirmative defenses are not governed by the *Iqbal* and *Twombly* standard, but are instead governed by the Sixth Circuit's "fair notice" standard.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  May 12, 2014                               /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge