UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUALITY EDGE, INC.,

    Plaintiff/Counter-Defendant,                            Case No. 1:10-cv-278

v.                                                                      HON. JANET T. NEFF

ROLLEX CORPORATION,

    Defendant/Counter-Claimant.
_____/

**OPINION AND ORDER**

Plaintiff Quality Edge, Inc., filed this patent case against Defendant Rollex Corporation, seeking injunctive relief and damages for infringement of U.S. Patent No. 7,137,224 (the '224 Patent) for a vented soffit panel. Following claim construction and the Court's decision on cross-dispositive motions, the parties disputed whether the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), apply to Rollex's counterclaims and affirmative defenses in this case, or, if not, the governing standards for the Court's decision concerning a motion to dismiss these claims. Following briefing, the matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending:

    (1)    the *Iqbal* and *Twombly* pleading standards apply to Rollex's counterclaims, except as to any counterclaims alleging direct infringement which are to be evaluated with respect to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure; and

    (2)    Rollex's affirmative defenses are not governed by the *Iqbal* and *Twombly* standard, but are instead governed by the Sixth Circuit's "fair notice" standard.

(Dkt 98 at 6).

The matter is presently before the Court on Quality Edge's objection to the Report and Recommendation (Dkt 99). Defendant has filed a Response to the Objections (Dkt 100). The Court denies the objection and issues this Opinion and Order.

I. Analysis

Quality Edge objects only to the Magistrate Judge's conclusion that Rollex's affirmative defenses are not governed by the *Iqbal* and *Twombly* standard, but are instead governed by the Sixth Circuit's "fair notice" standard. Quality Edge notes that the Sixth Circuit has not yet expressed a view on this issue and there is a split among district courts in the Sixth Circuit, with a least one district court concluding that "'the shared use of the 'short and plain' language—the essence of the pleading standard—indicates the pleading requirements for affirmative defenses are the same as for claims of relief." *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010). Quality Edge argues that in the context of a patent case, it does not make sense to have the *Iqbal/Twombly* standard apply to an invalidity counterclaim, which it clearly does, and not to the exact same allegation as an affirmative defense.

As Rollex points out in its Response, Quality Edge does not assert that the Magistrate Judge's determination is clearly erroneous or contrary to law. *See* W.D. Mich. LCivR 72.3(a). Instead, Quality Edge merely argues for the adoption of a different standard in light of contrary district court decisions.

The Magistrate Judge recognized that many courts have concluded otherwise on this issue. The Magistrate Judge nevertheless found the rationale articulated by the *Holley* court, and similar decisions, persuasive. *See Holley Performance Products., Inc. v. Quick Fuel Tech., Inc.*, No. 1:07–CV–185, 2011 WL 3159177 at *2 (W.D. Ky., July 26, 2011) (noting that the Sixth Circuit,

subsequent to the decisions in *Iqbal* and *Twombly*, continued to adhere to the "fair notice" standard under Rule 8(b)(1), the court "decline[d] to adopt the heightened pleading standard of *Twombly* and *Iqbal* for the pleading of defenses"). The Court finds the Magistrate Judge's reasoning and conclusion sound and in accordance with subsequent district court decisions. *See, e.g., Malibu Media v. Doe*, No. 13–11432, 2014 WL 2616902, at *2 (E.D. Mich. Jun. 12, 2014). Quality Edge's objection is therefore denied.

## II.  CONCLUSION

Having found Quality Edge's objection without merit, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (Dkt 99) is DENIED and the Report and Recommendation (Dkt 98) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that (1) the *Iqbal* and *Twombly* pleading standards apply to Rollex's counterclaims, except as to any counterclaims alleging direct infringement which are to be evaluated with respect to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure; and (2) Rollex's affirmative defenses are not governed by the *Iqbal* and *Twombly* standard, but are instead governed by the Sixth Circuit's "fair notice" standard.


Dated: September  19 , 2013              /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge