UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUALITY EDGE, INC.,

        Plaintiff/Counter-Defendant,        Case No. 1:10-cv-278

v.        HON. JANET T. NEFF

ROLLEX CORPORATION,

        Defendant/Counter-Plaintiff.
_____/

**OPINION**

Plaintiff Quality Edge, Inc., filed this patent case against Defendant Rollex Corporation, seeking injunctive relief and damages for infringement of U.S. Patent No. 7,137,224 (the '224 Patent) for a vented soffit panel. Following claim construction and the Court's decision on cross-dispositive motions, the parties disputed whether the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applied to Rollex's counterclaims and affirmative defenses in this case. The Court adopted a Report and Recommendation of the Magistrate Judge on this issue, concluding that:

(1) the *Iqbal* and *Twombly* pleading standards apply to Rollex's counterclaims, except as to any counterclaims alleging direct infringement which are to be evaluated with respect to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure; and

(2) Rollex's affirmative defenses are not governed by the *Iqbal* and *Twombly* standard, but are instead governed by the Sixth Circuit's "fair notice" standard.
(Op. & Or., Dkt 104).

The question now before the Court is whether Rollex's counterclaim and affirmative defenses meet the above standards.

## I.  DISCUSSION

At issue are Rollex's invalidity counterclaim and twelve affirmative defenses (*see* Rollex's Answer to Quality Edge's Amended Complaint with Jury Demand and Counterclaims, Dkt 18 at Page ID# 218-19, 221). The parties dispute whether Rollex's pleadings meet the applicable standards, and if not, whether Rollex is entitled to discovery to develop its defenses and/or whether leave should be granted for Rollex to amend its pleadings.

### A.  Counterclaim

Rollex's sole remaining counterclaim (Count II) seeks a Declaration of Invalidity of the '224 Patent, alleging "The '224 Patent, and each claim thereof, is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132" (Dkt 18 at Page ID# 221). The counterclaim provides no further facts or context to identify the claims of invalidity beyond merely citing sections of the patent statute.

Rollex does not contend that its counterclaim, on its own, meets the *Iqbal* and *Twombly* pleading standard. Rollex contends, however, that the standard is met when the counterclaim is considered in combination with the numerous motion papers and supporting documents filed and exchanged to date in this case because Quality Edge is well aware of the factual bases supporting the invalidity counterclaim.

Quality Edge properly notes that Rollex's arguments to the Court and documents, for instance, filed with its Motion for Leave to Supplement,[1] are not part of Rollex's Answer and Counterclaims and should not be considered in determining whether Rollex has met the pleading requirements under *Iqbal* and *Twombly*. Matters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) or 12(c) motion to dismiss.[2] *See* FED. R. CIV. P. 12(d). Rollex may not rely on assorted filings related to other matters in the course of this litigation to cure clear deficiencies in its Answer and Counterclaims. This is particularly so given the lengthy course of this case, which, as the Court has noted previously, has been anything but straightforward.

The Court is unsympathetic to Rollex's argument that its above pleading statement, in combination with papers and other filings to date in this case, have ensured Quality Edge is well-aware of the factual bases that support Rollex's invalidity claim and overcome the admitted shortcomings under *Iqbal* and *Twombly*.

The Court is likewise unsympathetic to Rollex's argument that because neither this Court nor Quality Edge ever questioned the sufficiency of Rollex's invalidity counterclaim with regard to indefiniteness in the context of earlier dispositive motions in this case, Rollex should be given a pass on the remainder of its invalidity counterclaim. This is again an instance of Rollex attempting to reap advantage from its own detours and backtracking in this case, fully discussed in past opinions

---

[1] Motion for Leave to Supplement Rollex's Opposition to Plaintiff Quality Edge's Motion Regarding Patent Infringement and Validity (Dkt 80).

[2] However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing FED. R. CIV. P. 10(c)). The court may also consider documents referred to in the pleadings that are integral to the claims, as well as matters of public record, without converting a motion to dismiss into one for summary judgment. *Id.*; *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

and orders in this case. *See, e.g.*, Opinion, Dkt 83 at Page ID# 1614-25 (discussing Rollex's belated and contrived arguments, and particularly Rollex's motion for summary judgment on invalidity based on alleged indefiniteness resulting from the Court's claim construction). The Court denied Rollex's motion for summary judgment for invalidity based on indefiniteness, stating in part:

> Rollex's argument … is belatedly made, inconsistent with Rollex's own positions both before and after this litigation was commenced, and is a product of an attempt to parse this patent case into disjointed bits that unduly prolong this litigation.
> Had Rollex legitimately viewed the construction adopted by the Court as inherently indefinite, Rollex certainly could have raised that contention in the course of the claim construction briefing and decision. The language adopted was the exact language proposed by Quality Edge in [its] claim construction brief. If the language, and specifically the word "a" makes the limitation so obviously confusing and indefinite, it should have been apparent to Rollex during the claim construction phase of this case. Rollex delayed until after the *Markman* briefing, a full hearing and the Court's Opinion and Order, to bring this alleged failing to the Court's attention, a tactic which comes at the expense of Court time and resources. If the alleged shortcoming in the language is so obtuse that Rollex did not discover it until after the claim construction phase of this case, then it is questionable whether it rises to the level of such indefiniteness that the patent is rendered invalid. Either way, Rollex's argument is an attempt to reinvent its defense to the patent infringement claim after an adverse claim construction decision.

(Op., Dkt 83 at Page ID# 1623-24).

Rollex's current reliance on the Court's consideration and rejection of its invalidity for indefiniteness argument in essence contends that Quality Edge, and the Court, somehow waived or forfeited a challenge to Rollex's invalidity pleadings. The Court finds no merit in this argument. Rollex's counterclaim falls far short of the *Iqbal* and *Twombly* pleading standard and is not cured by other filings and documents proffered in the course of this litigation.

## B. Affirmative Defenses

Rollex argues that its affirmative defenses, including its invalidity defense, satisfy the Sixth Circuit's "fair notice" pleading standard. The Court finds otherwise. Rollex has pled nothing more

than bare, boilerplate, seriatim affirmative defenses. For example, as above in its counterclaim, Rollex's invalidity affirmative defense consists merely of citations to the patent statute. As Quality Edge observes, such pleadings do not provide "fair notice" of the asserted affirmative defense. "'An affirmative defense may be pleaded in general terms and will be held to be sufficient … as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting Wright & Miller, *Federal Practice and Procedure* § 1274). *See also Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, No. 1:07–CV–00185, 2011 WL 3159177 at *2 (W.D. Ky. July 26, 2011). Rollex's barebones, boilerplate affirmative defenses do not provide Quality Edge "fair notice" of the nature of the defenses. Despite Rollex's notation that other district courts have permitted such invalidity affirmative defenses, this Court finds such bare citations to the statute devoid of any substantive nature or relevance to this litigation—and hardly "fair" notice.

Rollex's twelve broad, boilerplate affirmative defenses fail the "fair notice" standard to the extent that they have not yet been adjudicated by the Court.

### C. Remedy

Rollex argues that to the extent the Court finds its counterclaim insufficiently pled, any dismissal should be without prejudice and Rollex should be granted leave to amend its pleadings. Likewise, Rollex contends that if the Court finds any of its affirmative defenses deficient, the proper remedy is to allow Rollex an opportunity to provide a more definite statement under FED. R. CIV. P. 12(e) and not to strike that defense. While the Court would normally be receptive to such requests for leave to amend, the Court is not persuaded that amendment is warranted by the circumstances presented at this stage of this litigation.

This Court has discretion to grant or deny a motion for leave to amend under FED. R. CIV. P. 15(a)(2). *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013). "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Factors a court may consider before permitting an amendment include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007). "'Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.'" *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting *Head, supra*) (citation omitted).

Here, the factors of undue delay, undue prejudice and futility all weigh against leave to amend. Rollex's motion is belated, wasteful of resources, and unduly prejudicial to Quality Edge. This Court has fully expressed its concerns with Rollex's repeated backtracking in this case for what appear to be purely strategic purposes. Rollex has attempted to litigate this case piecemeal, even to the extent of a premature and piecemeal appeal, which this Court denied (*see* Memo. Op. & Or., Dkt 90). The Court acknowledges that the nature of patent litigation may well provide opportunity for strategic maneuvering. However, when such maneuvering simply attempts to reinvent a legal case at each point of decision by the Court, it becomes wholly counterproductive to the substantive outcome of the litigation, and should not be permitted. Such is the case here with respect to Rollex's request to amend its counterclaim and affirmative defenses.

As Quality Edge aptly points out, the Court has previously expressed its misgivings about the legal and factual support for Rollex's broad requests for discovery to develop its defenses,

6

particularly in light of the way this case has progressed (*see, e.g.*, Dkt 112 at Page ID# 2212). Rollex's subsequent arguments offer nothing to alleviate the Court's concerns or the absence of any cognizable grounds for such discovery. If defenses remain unresolved in this case (*see* Rollex Br. at Page ID# 2246-47), it results from Rollex's failure to properly focus those defenses for resolution in this litigation.

## II. CONCLUSION

In light of the foregoing reasons, the Court concludes that Rollex's invalidity Counterclaim and Rollex's Affirmative Defenses fail to meet the applicable pleading standards and that Rollex's requests for leave to amend its pleadings, provide a more definite statement of its affirmative defenses, and to engage in discovery to advance its defenses, are properly denied.

An Order will enter consistent with this Opinion.


Dated: July 15, 2015              /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge