UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUALITY EDGE, INC.,

        Plaintiff/Counter-Defendant,        Case No. 1:10-cv-278

v.        HON. JANET T. NEFF

ROLLEX CORPORATION,

        Defendant/Counter-Claimant.
_____/

## OPINION

On August 31, 2016, this Court entered an Opinion and Order granting Plaintiff Quality Edge's Motion for Permanent Injunction upon conclusion of the Court's resolution of the substantive patent infringement claims in this long-standing patent case (Dkts 164, 165). The Court granted Defendant Rollex Corporation's only objection to the proposed permanent injunction order (Dkt 138) filed in conjunction with the Motion,[1] and ordered the parties to confer and file a revised permanent injunction order consistent with the Court's Opinion (Or., Dkt 165 at PageID.4259). Rollex has since filed Objections (Dkt 170) to the revised proposed permanent injunction order filed by Quality Edge (Dkt 169); a Motion to Modify Permanent Injunction Order (Dkt 171)[2]; a Motion

---

[1] Rollex strenuously objected to any order for the recall and destruction of product in the hands of distributors. The Court found Rollex's arguments "well founded," and directed that "[t]he provisions pertaining to the recall and destruction of product in Quality Edge's proposed order shall be omitted" (Op., Dkt 164 at PageID.4257). Additionally, the Court *sua sponte* extended the time for Rollex's notice to customers of the permanent injunction to twenty-one (21) days, and the time for a verified statement of compliance to twenty-eight (28) days (*id*.).

[2] DESPITE that Rollex was fully apprised of every provision in the proposed permanent injunction order filed with Quality Edge's motion *BEFORE* filing its response to the motion, and DESPITE that Rollex raised only one objection to the proposed order, *AFTER* the Court issued its

to Stay Litigation Pending Appeal (Dkt 178), and a Motion to Suspend Enforcement of the Injunction Pending Appeal (Dkt 181).

On October 4, 2016, the Court conducted a Status Conference in this case and ruled on the pending matters on the record. In accordance with the Court's rulings, that same day, the Court entered an Order denying Rollex's objections to the substantive terms of the revised proposed permanent injunction order (Dkt 192), and entered a Permanent Injunction Order (Dkt 193). The Court now issues this Opinion and an Order denying Rollex's Motion to Stay Litigation Pending Appeal (Dkt 178) and Motion to Suspend Enforcement of the Injunction Pending Appeal (Dkt 181). As stated on the record, the Court concludes the motions are properly denied for the reasons set forth in Quality Edge's respective Responses (Dkts 186, 188), as articulated herein.[3]

## I. Legal Standard

Rollex moves under Federal Rule of Civil Procedure 62(c) to suspend/stay enforcement of the Permanent Injunction. Rule 62(c) provides in pertinent part:

> **Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

---

Opinion and Order on the motion and proposed order, expressly ordering that any Rollex objection to the revised proposed order was limited to the ground that the relief therein is inconsistent with the Court's Opinion (Dkt 165), Rollex proceeded to barrage the Court with numerous new objections to the proposed order by filing Objections (Dkt 170) and a Motion to Modify Permanent Injunction Order (Dkt 171). This continual backtracking has been a standard, and disappointing, litigation practice by Rollex throughout this case, at great cost to the Court in staff time and resources.

[3]This Court's usual practice is to provide record detail and citations for its decisions. However, given the lengthy course of proceedings in this case, in addition to the citations provided, the Court relies on the numerous opinions, orders, and transcripts already of record in clear support of its reasoning.

Rollex also moves for a stay of this litigation pending interlocutory appeal of the permanent injunction order.

The factors that the Court should consider in deciding a motion to stay pending appeal, as well as a stay of injunctive relief, are: (1) whether the movant has made a strong showing that it is likely to succeed on the merits of the appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001); *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Jennings v. Fuller*, No. 13–13308, 2015 WL 5216714, at *3 (E.D. Mich. Sept. 4, 2015). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users*, 945 F.2d at 153. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movant will suffer absent the stay. *Id.* Thus, a stay is appropriate "'[w]here [a movant] establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a *substantial case* on the merits,' *provided* the other factors militate in movant's favor." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) (quoting *Hilton*, 481 U.S. at 778) (emphasis added).

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). Instead it is "'an exercise of judicial discretion.'" *Id.* (citation omitted). "[T]he 'party requesting a stay bears the burden of showing that

3

the circumstances justify an exercise of that discretion.'" *Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken*, 556 U.S. at 433-34).

## II. Discussion

Having fully considered the proceedings in this case over the course of more than six years, and the extensive record developed, the Court concludes that the relevant factors do not support suspending the enforcement of the permanent injunction or a stay of these proceedings pending appeal. As made apparent in the most recent status conference, and a review of the record, the legal disputes between these parties well predate this case. The parties have been at odds over their relative positions and reputations in the building products market and, specifically, the quality of their respective products, including vented aluminum soffits, for more than a decade. What was presented to the Court as a simple patent infringement dispute essentially over a single word in the patent claims for an aluminum soffit—the word "generally"—has now consumed more than six years' time in litigation and extensive resources of the Court and the parties. On June 28, 2013, this Court ruled that Rollex's Stealth Soffit™ product infringed Quality Edge's '224 patent (U.S. Patent No. 7,137,224) (Dkts 83, 84), and on July 15, 2015, the Court dismissed Rollex's invalidity defenses and counterclaims (Dkts 118, 119), thus resolving Count I of the Amended Complaint (Dkt 17). The remaining counts in the Amended Complaint, Counts II through VII, have been declared moot. The only remaining issues concern damages and attorney fees and costs. On October 4, 2016, the Court entered a Permanent Injunction Order in favor of Quality Edge based on the Court's rulings (Dkt 193).

The Court will now consider the factors and the parties' positions in the context of the motion to suspend enforcement of the permanent injunction. Essentially the same circumstances

apply to the motion to stay this litigation given the late stage of the case, and the outcome is the same.

### *Factor 1: Likely Success on the Merits of the Appeal*

Rollex contends it is appealing "a number of significant factual and legal issues to the Federal Circuit, including thirteen different Opinions and Orders entered by the Court during the pendency of the litigation," which will "necessarily resolve substantial legal and factual issues in this case" (Dkt 182 at PageID.4428). These issues include "this Court's claim construction, granting summary judgment of infringement to Quality Edge, dismissing and striking Rollex's defenses, and precluding Rollex from seeking necessary discovery" (*id.*).

However, as Quality Edge points out, the various "significant" decisions in large part relate to Rollex's multiple attempts to revisit this Court's decision on claim construction (*see, e.g.*, Dkts 34, 35, 40, 83, 84). The Court addressed and resolved the claim construction dispute, as presented by the parties. The Court declined to entertain Rollex's numerous attempts to recast its arguments and the issues after an unfavorable decision on claim construction. This hardly creates numerous additional significant decisions. In any event, as Quality Edge additionally points out, merely arguing that there are substantial questions as to claim construction fails to show Rollex's likelihood of success on appeal.

Rollex's assertions with regard to discovery fare no better. Rollex claims it is likely to be successful in appealing the Court's denial of its repeated requests for discovery, and the dismissal of its counterclaims and affirmative defenses for failing to meet the pleading standards (*see, e.g.*, Dkts 83, 84, 104, 118, 119, 131, 134). However, the record fully establishes that Rollex's requests for discovery were belated and/or contrary to Rollex's own representations that discovery was

unnecessary to proceed on key issues before the Court. It was Rollex's decision not to take claim construction discovery; Rollex admitted that it did not have a factual basis for pleading its counterclaims; and Rollex expressly took the position on the record that no discovery was necessary to proceed with the permanent injunction motion (*see* Dkt 125 at PageID.2303). Quality Edge correctly notes that at the September 10, 2012 hearing, the Court asked Rollex to articulate its invalidity defenses, and Rollex indicated that they "are currently being investigated" (*see* Dkt 51 at PageID.684). The Court accordingly declined to permit Rollex's request to take discovery in response to a motion to dismiss those invalidity counterclaims/defenses or to amend the pleadings nearly five years into this case (*id.*; 6/28/13 Op. & Or., Dkts 83, 84; 7/15/15 Op. & Or., Dkts 118, 119). The Court's rulings and decisions resolving the claims of infringement and invalidity were thoroughly considered, and revisited, in argument and proceedings in this dispute. This includes the effect of the Supreme Court's *Nautilus*[4] decision Rollex now raises (*see* Dkt 105). Rollex has failed to present any substantive basis or authority showing a likelihood of success on appeal:

> [The] mere reference to prior motions to reconsider and to alter and amend, all of which were denied, is not nearly enough to persuade us that [the infringer/movant] is likely to succeed on appeal. To the contrary, the fact that we have already reconsidered and stood by our decision several times leads us to conclude that the appeal is quite *unlikely* to succeed on appeal. Therefore, we find that [the infringer/movant] has failed to persuade us of its likelihood of success on appeal, and is therefore not entitled to a stay ….

*Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F. Supp. 1147, 1149 (S.D. Ind. 1996); *see also ePlus Inc. v. Lawson Software, Inc.*, 946 F. Supp. 2d 503, 508 (E.D. Va. 2013) (declining to consider "seventeen topics on which [the movant] proposes to be able to succeed on appeal" by "plow[ing] through old pleadings to determine how what is said there might be thought

---

[4]*Nautilus, Inc. v. Biosig Instruments, Inc.*, ___ U.S. ___; 134 S. Ct. 2120 (2014).

by [the movant] to constitute a substantial likelihood of success on the merits, or even a substantial question accompanied by a strong case on the other three stay factors").

### Factor 2: Irreparable Harm to Rollex

"In evaluating the harm that will occur depending upon whether or not the stay is granted, [the courts] generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Mich. Coal. of Radioactive Material Users*, 945 F.2d at 154. Given the lengthy proceedings in this case and the circumstances of Rollex's business operations and infringement, Rollex's assertions of immediate irreparable harm fall short.

Again, as set forth by Quality Edge, and previously recognized by the Court, the harm incurred by Rollex in ceasing its wrongful infringement is not a persuasive basis for denying or delaying permanent injunctive relief to Quality Edge (*see* Dkt 164). Thus, any harm that results because Rollex is precluded from selling its patent-infringing Stealth Soffit™ or loses its associated marketplace position is justified. Further, Quality Edge points out, and the record confirms, that Rollex does not sell its product to end-users/installers, and, moreover, such harm is purely speculative. Rollex's assertion of harm to end-users who have "on-going projects" is questionable since most residential soffit jobs would be short-term projects that could be completed in a matter of days, likely with existing inventory already in distribution. In any event, Rollex admitted that it has a diverse product line, which includes a non-infringing product line, and that the Stealth Soffit™ is small percentage of its business (*id.* at PageID.4254-4255).[5]

---

[5]With respect to the balance of harms in granting injunctive relief, courts have recognized that the alleged speculative harm suffered by third parties, e.g., Rollex's indirect downstream customers, is irrelevant. *See SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07–CV–497–TJW–CE, 2011 WL 238645, at *4, *10 (E.D. Tex. Jan. 24, 2011); *see also Acumed LLC v. Stryker Corp.*, 551 F.3d

As Quality Edge appropriately further points out, Rollex's various other claims of irreparable harm likewise ring hollow. Rollex's claim of reputational harm from the Court's injunctive relief is unavailing given the parties' long-standing direct competition and evidence of Rollex's past targeted disparagement of Quality Edge's products and reputation (*see* Am. Compl., Exs. 2, 5, Dkts 17-2, 17-5). It would seem that Rollex long ago deemed this fair territory in the course of competition. As noted, *infra*, the Court acceded to Rollex's objection to any order for the recall and destruction of product in the hands of distributors. This factor adds little, if any, support for a suspension of the permanent injunction or a stay pending Rollex's appeal.

### *Factor 3: Harm to Patentee Quality Edge*

The circumstances bearing on this factor were discussed in detail in the Court's decision granting permanent injunctive relief (Dkt 164 at PageID.4248-4251). The proofs clearly show that Rollex is a direct competitor of Quality Edge with respect to the patented vented aluminum soffit, as borne out by record evidence of Rollex's own advertising directly comparing its Stealth Soffit™ panel to Quality Edge's patented TrueVent® product. Permitting Rollex to continue its acts of infringement pending appeal would unduly harm Quality Edge, and particularly its market position, reputation as an innovator in the building materials industry, and ability to fairly compete with Rollex. This factor weighs strongly in favor of enforcement of the permanent injunction and moving forward to conclude this litigation.

### *Factor 4: Public Interest*

This final factor offers no support for Rollex's motions in light of the circumstances presented and the factors discussed above. The public interest in judicial economy is as well-served

---

1323, 1330 (Fed. Cir. 2008).

by an expedient conclusion of this litigation based on the Court's here-to-date resolution of the claims and issues presented, as it is by a stay. Little economy is achieved by holding the remaining issues or injunctive relief in limbo on the chance that Rollex will obtain a contrary ruling on some issue on appeal. Rollex's insistence that end-users of aluminum soffits will be substantially harmed is contradicted by the very nature of Rollex's method of distribution and the nature of the product itself, which involves a one-time installation in the construction of a home or building unit. Here, as Quality Edge contends, the public interest is served by the enforcement of a permanent injunction. *See e.g., Judkins v. HT Window Fashions Corp.*, 704 F. Supp. 2d 470, 496 (W.D. Pa. 2010) (the public interest favors enforcing the injunction against the continued sale of infringing products); *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 550 (D. Del. 2005) ("the public interest lies in protecting patent rights through the grant of injunctive relief so inventors have incentive to create").

### III. Conclusion

For the reasons stated and well-supported by the record, the Court, in its discretion, declines to suspend enforcement of the permanent injunction entered in this case pending appeal or to stay the remaining limited proceedings necessary to conclude this patent dispute. Rollex's Motion to Stay Litigation Pending Appeal (Dkt 178) and Motion to Suspend Enforcement of the Injunction Pending Appeal (Dkt 181) are properly denied.

An Order will enter consistent with this Opinion.

Dated: October 6, 2016            /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge